# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOBLE ROMAN'S, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01026-TWP-DKL |
| | ) | |
| PUZZLES FUN DOME, INC., and | ) | |
| TIMOTHY STEVENSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR PARTIAL DISMISSAL

This matter is before the Court on Defendants Puzzles Fun Dome, Inc. ("Puzzles") and Timothy Stevenson ("Mr. Stevenson") (collectively "Defendants") Motion to Dismiss Count VI of Plaintiff's Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by ([Filing No. 7](#)). Following a dispute regarding the payment of royalties under a franchise agreement, Plaintiff Noble Roman's, Inc. ("Noble Roman's") sued Defendants for breach of contract, fraud and conversion. Defendants moved to dismiss the fraud and conversion claims for failure to state a claim upon which relief can be granted. For the following reasons, the Court **GRANTS** the Motion for Dismissal of Count VI.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint, or a count alleged in a complaint, that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a 12(b)(6) motion, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that a complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

Noble Roman's is a publicly traded pizza company based in Indianapolis, Indiana. Noble Roman's franchises its products—pizza, breadsticks, and other food items—and services and offers these franchise opportunities through franchise agreements. Puzzles is a family and children's entertainment center located in Kentucky and Mr. Stevenson is vice president of Puzzles. Noble Roman's entered into a franchise agreement with Puzzles on September 30, 2010. Mr. Stevenson executed the renewal franchise agreement on behalf of Puzzles. The franchise agreement was for a period of five years, and it allowed Puzzles to use the trade systems of Noble Roman's, including Noble Roman's Pizza. The agreement required Puzzles to continuously operate during the term of the franchise agreement for at least ten hours every day. Puzzles agreed to use its best effort to maximize the sale of Noble Roman's licensed products. The franchise agreement also contained confidentiality and non-compete provisions. Under the franchise

2

agreement, Puzzles paid Noble Roman's a seven percent royalty on its total gross sales. Under the agreement the total gross sales were to be reported weekly to Noble Roman's and Noble Romans maintained a right to audit.

Noble Roman's performed an audit of Puzzles's sales from December 2004 to March 2014 based on purchases and a review of the weekly gross sales reports. In its complaint, Noble Roman's alleges that its audit revealed that Puzzles had underreported its total gross sales. Noble Roman's notified Puzzles that it had discovered underreporting of its gross sales and demanded payment of additional royalties. Puzzles refused to pay any additional royalties.

Thereafter, Puzzles ceased operations of its Noble Roman's service offerings despite the provision in the franchise agreement that required continuous operations during the term of the franchise agreement for at least ten hours every day. Under the agreement, upon termination of operations, Puzzles was required to return all Noble Roman's property, to keep certain information confidential, and to refrain from competing against Noble Roman's for a period of two years.

After Puzzles ceased its continuous operations and refused to pay the additional royalties, Noble Roman's filed this action in Marion Superior Court (Indiana) on May 20, 2014 ([Filing No. 1-1 at 15](#)). The Complaint alleges six counts: (1) breach of contract for underreported royalties, (2) breach of contract for ceasing continuous operations, (3) replevin, (4) declaratory judgment regarding confidential information, (5) declaratory judgment regarding the non-compete, and (6) conversion and fraud. In its Complaint, Noble Roman's seeks the payment of the underreported and unpaid royalties, to recover the Noble Roman's property in Puzzles's possession, an injunction prohibiting the disclosure or use of confidential information and prohibiting the operation of any competing business for two years, and actual and treble damages for fraud and conversion of the underreported and unpaid royalties, as well as attorney fees and costs.

3

The Summons and Complaint were served on the Defendants on May 23, 2014. Thereafter, the Defendants removed the action to this Court on June 20, 2014, based on diversity jurisdiction

### III. DISCUSSION

Defendants argue in their Motion for Partial Dismissal that Noble Roman's failed to plead the allegation of fraud with sufficient particularity to meet the heightened standard of Rule 9(b) of the Federal Rules of Civil Procedure. They further assert that under Indiana law a claim for fraud cannot be sustained because Noble Roman's has not alleged reliance or damages beyond a simple breach of contract. Defendants also argue that the conversion claim cannot survive dismissal because, under Indiana law, such a claim does not arise from a failure to pay money owed under a contract. That remedy is available as damages for breach of contract.

Noble Roman's responds to the Motion for Partial Dismissal by explaining that it incorporated by reference all the preceding allegations in the Complaint to support the Count VI, conversion and fraud. These allegations include Puzzles's obligation to continuously operate and to report its sales, the audit conducted by Noble Roman's that disclosed underreporting of sales, a demand for payment of the unpaid royalties, and a refusal to pay additional royalties. Noble Roman's also asserts that it incorporated into its Complaint the franchise agreement between Noble Roman's and Puzzles in support of the conversion and fraud claims. Noble Roman's explains that the franchise agreement established a requirement to report sales and to pay royalties and that the weekly report was to be submitted by telephone or facsimile by noon every Monday.

Quoting *Gilman v. Walters*, 2013 U.S. Dist. LEXIS 59861, at *6–7 (S.D. Ind. Apr. 26, 2013), Noble Roman's asserts that "the enhanced pleading requirements of Rule 9 'is applied less stringently when specific factual information about the fraud is peculiarly within the Defendants' knowledge or control.'" (Filing No. 8 at 4.) Noble Roman's reliance on *Gilman* is misplaced.

4

Unlike in that case, here, Noble Roman's had access to Puzzles's records and reports, and the specific factual information about any alleged fraud was not peculiarly within Puzzles's knowledge or control. Noble Roman's audited Puzzles's reports and records and determined a specific total dollar amount of unpaid royalties. Noble Roman's cannot escape the heightened pleading standard for a fraud claim based upon *Gilman*.

In responding to the Motion for Partial Dismissal, Noble Roman's focused on the Rule 9(b) sufficient pleading argument. However, Noble Roman's failed to respond to Puzzles's arguments that (1) the conversion claim cannot survive dismissal because it is based solely on an alleged failure to pay money due under a contract, and this cannot support a conversion claim as a matter of Indiana law; and (2) the fraud claim must be dismissed because the Complaint does not allege reliance or conduct and damages separate from a breach of contract. Because of its failure to respond to these arguments, Noble Roman's has conceded these points. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same).

Regarding the conversion claim, Puzzles points the Court to *Bowden v. Agnew*, which held:

> [M]oney may be the subject of an action for conversion only if it is capable of being identified as a special chattel. In other words, it must be a determinate sum with

which the defendant was entrusted to apply to a certain purpose. It is well established that refusal to pay a debt will not generally support a conversion claim.

*Bowden v. Agnew*, 2 N.E.3d 743, 750 (Ind. Ct. App. 2014) (internal citations and quotation marks omitted). *See also Newland Res., LLC v. Branham Corp.*, 918 N.E.2d 763, 776 (Ind. Ct. App. 2009) (conversion claim dismissed because plaintiff "did not identify the money at issue as separate chattel"); *Tobin v. Ruman*, 819 N.E.2d 78 (Ind. Ct. App. 2004) (law firm's wrongful withholding of lawyer's share of retained earnings constituted failure to pay a debt and did not constitute criminal conversion); *Huff v. Biomet, Inc.*, 654 N.E.2d 830 (Ind. Ct. App. 1995) (wrongful withholding of sales commissions did not constitute criminal conversion where there was no evidence that the money was entrusted to defendant for a particular purpose or that defendant retained specific funds that could be directly attributed to plaintiff).

Noble Roman's is seeking to recover sums allegedly due under the franchise agreement. This is not conversion under Indiana law; therefore, no cognizable claim for conversion exists in this action.

Regarding the fraud claim, PUZZLES points the Court to *Dunlap v. Switchboard Apparatus, Inc.*, 2012 U.S. Dist. LEXIS 67606 (S.D. Ind. May 15, 2012) and *Epperly v. Johnson*, 734 N.E.2d 1066 (Ind. Ct. App. 2000). To maintain a claim of fraud, a plaintiff must allege: "(i) a material misrepresentation of past or existing facts (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falsity (iv) which was relied upon by the complaining party and (v) which proximately caused the complaining party injury." *Dunlap*, 2012 U.S. Dist. LEXIS 67606, at *22–23 (citing *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996)). This Court further explained in *Dunlap*, "To prevail on a fraud claim, a plaintiff claiming both breach of contract and fraud must prove that the breaching party committed the separate and independent tort of fraud and that such fraud resulted in injury distinct from that resulting from the breach of contract."

*Dunlap*, 2012 U.S. Dist. LEXIS 67606, at *25 (quoting *Dean Kruse Found., Inc. v. Gates*, 932 N.E.2d 763, 768 (Ind. Ct. App. 2010)). Where the fraud claim is materially the same as the breach of contract claim, based on the same core conduct, resulting in the same injury, the fraud claim is not cognizable as a matter of law. *Id.*; *see also Epperly*, 734 N.E.2d at 1073 (misrepresentation that is a mere breach of contract that does not result in injury distinct from the injury from the breach cannot be the basis of fraud claim).

This is precisely the case here. Noble Roman's asserted a claim for payment of royalties based on allegedly underreported sales. There is no allegation of any other separate misrepresentation. There is no allegation of any other distinct injury. Further, Noble Roman's failed to respond to the arguments thereby conceding these points. Puzzles's arguments regarding conversion and fraud are well taken therefore dismissal of the claims of conversion and fraud in Count VI is appropriate.

As an additional basis for dismissing Count VI, Noble Roman's failed to meet the heightened pleading standard for its fraud claim. Rule 9(b) of the Federal Rules of Civil Procedure requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "On certain subjects understood to raise a high risk of abusive litigation [such as fraud], a plaintiff must state factual allegations with greater particularity than Rule 8 requires." *Twombly*, 550 U.S. at 569 n.14. The "circumstances constituting fraud . . . must be pleaded in detail. This means the who, what, when, where, and how" of the alleged fraud must appear in the complaint. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

> To meet the particularity requirements of Rule 9(b), a complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was

communicated to the plaintiff. A complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient.

*Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).

Here, Noble Roman's filed its Complaint without any factual allegations concerning the method by which misrepresentations were made, the identity of the person making the misrepresentations, or the time, place, and content of any such misrepresentations. Noble Roman's broadly alleged that "Puzzles Fun Dome, Inc. and/or Timothy Stevenson" underreported sales sometime between December 2004 and March 2014—the entire length of the parties' business relationship. The number of fraudulent representations or the date of their occurrence are not alleged. The amount of each specific fraudulent representation is not alleged; only a total dollar figure of the royalties supposedly owed on underreported sales is alleged. Further, the Court and the Defendants are left to guess the method by which the fraudulent representations were made.

Noble Roman's reminds the Court that it incorporated by reference all the preceding allegations in the Complaint and also the franchise agreement between Noble Roman's and Puzzles. However, the franchise agreement provides no specific factual allegations of fraud or anything else to support a fraud claim. The franchise agreement simply bolsters Noble Roman's claim of breach of contract. Additionally, the preceding allegations in the Complaint do not specifically identify any facts or components of fraud. Rather, the preceding allegations support the breach of contract claims asserted by Noble Roman's. Noble Roman's has not met the requirement of Rule 9(b) to sufficiently plead a claim of fraud.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Partial Dismissal ([Filing No. 7](#)) and Count VI (conversion and fraud) of Noble Roman's, Inc.'s Complaint is

dismissed. Because Count VI of the Complaint is the only claim asserted against Mr. Stevenson individually, Defendant Timothy Stevenson is **dismissed** from this action.

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Puzzles Fun Dome, Inc. must file its responsive pleading within fourteen days of this Order. This Order does not dispose of all issues concerning all parties, therefore, no final judgment will issue at this time.

**SO ORDERED.**

Date: 3/16/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Anthony M. Zelli
DINSMORE & SHOHL LLP
anthony.zelli@dinsmore.com

Robert Kenyon Meyer
DINSMORE & SHOHL LLP
kenyon.meyer@dinsmore.com

Jason P. Wischmeyer
GONZALEZ SAGGIO & HARLAN LLP
jason@wischmeyerlaw.com